JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 1 3 2010

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re:         ) | MDL Docket No. 2140 |
|         ) | |
| INTELIUS, INC., POST-TRANSACTION  ) | |
| MARKETING AND SALES PRACTICES   ) | |
| LITIGATION         ) | |

PLEADING NO. 8

**RESPONSE OF DEFENDANT ADAPTIVE MARKETING LLC
TO DEFENDANTS INTELIUS, INC. AND INTELIUS SALES CO., LLC'S
MOTION FOR TRANSFER OF ACTIONS TO THE WESTERN DISTRICT OF
WASHINGTON FOR COORDINATED OR CONSOLIDATED PRETRIAL
PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Pursuant to Rules 7.1(b) and 7.2(c) of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, Defendant Adaptive Marketing LLC ("Adaptive"), by and through their

undersigned counsel, respond to the numbered averments contained in Defendants Intelius, Inc.

and Intelius Sales Co., LLC's (collectively, "Intelius") Motion for Transfer ("Motion") as set

forth below and in the Brief in Support of Adaptive's Response to Intelius' Motion, submitted

concurrently herewith.

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2010 JAN 12 P 3: 18

RECEIVED
CLERK'S OFFICE

OFFICIAL FILE COPY      IMAGED JAN 1 3 2010

1. Adaptive denies that *Baxter v. Intelius, Inc. et al.*, No. 8:09-cv-01031-AG-MLG (filed C.D. Cal. Aug. 26, 2009) ("*Baxter*") and *Keithly v. Intelius, Inc. et al.*, No. 2:09-cv-01485-RSM (filed W.D. Wash. Oct. 19, 2009) ("*Keithly*") assert "virtually identical" allegations of fact regarding "Defendants' post-transaction marketing" through the Intelius website because the parties and scope of these cases are different. The "defendants" in these cases are different; *Keithly* alleges that only Intelius engaged in violations of law. (*Keithly* ¶¶ 9-10.) In addition, the violations of law alleged in *Keithly* are much more extensive than in *Baxter* because the *Keithly* plaintiffs assert claims on behalf of a putative nationwide class, whereas the *Baxter* plaintiff asserts claims only on behalf of a putative statewide class. (*Baxter* ¶ 24; *Keithly* ¶ 23.)

2. Adaptive admits the averments contained in this paragraph, which solely address Intelius' alleged enrollment of putative class members and Intelius' alleged lack of disclosures.

3. Adaptive admits the averments contained in this paragraph.

4. Adaptive disagrees with the characterization of the *Keithly* and *Baxter* class periods as "nearly identical." Adaptive otherwise admits the averments contained in this paragraph.

5. Adaptive admits the averments contained in this paragraph regarding Intelius' principal place of business and headquarters.

6. Adaptive lacks information sufficient to admit or deny the allegations of this paragraph and therefore denies them at this time.

7. Adaptive denies that "virtually all of the relevant documents" and "one of the three allegedly representative plaintiffs" are located in the Western District of Washington. The Intelius entities are allegedly headquartered in Washington, but Adaptive is not located in Washington and believes that none of its relevant documents are located there. Intelius' averment of "three" plaintiffs is inaccurate. There are actually more than three named plaintiffs in these two cases—only one plaintiff resides in Washington. (*Keithly* ¶ 7.) The *Baxter* plaintiff allegedly resides in California, and the two other *Keithly* plaintiffs allegedly reside in Ohio. (*Baxter* ¶ 7; *Keithly* ¶ 8.)

8.     Adaptive lacks information or knowledge sufficient to admit or deny the averments contained in this paragraph and therefore denies them.

9.     Adaptive denies that *Baxter* and *Keithly* will require resolution of "identical" factual allegations. The allegations in these two cases are not identical: *Baxter* is a putative statewide class action alleging, *inter alia*, violations of the California Unfair Competition Laws and False Advertising Laws. (*Baxter* ¶¶ 24, 32-55.) *Keithly* is a putative nationwide class action against Intelius only, and alleges violations of the Washington Consumer Protection Act. (*Keithly* ¶¶ 23, 33-44.) In addition, only *Baxter* contains allegations of "automatic" enrollment. (*Compare Baxter* ¶ 15, *with Keithly* ¶ 15 (alleging that Intelius "transfers" consumers' information and that consumers are then "surreptitiously enrolled").) Adaptive otherwise admits the averments contained in this paragraph.

10.     Adaptive denies the averments in this paragraph for the reasons set forth in the attached Brief. Among other things, Intelius does not account for other methods that can be used to avoid any potential risk of inconsistent pretrial rulings while avoiding the additional costs to Adaptive that will be created by an MDL proceeding.

11.     Adaptive denies the averments in this paragraph for the reasons set forth in the attached Brief. Consolidating these cases will not be convenient for all the parties, witnesses, and counsel. The only parties that may benefit from consolidation are Intelius and possibly one of the named plaintiffs in *Keithly*. Adaptive has its headquarters in Connecticut. (*Baxter* ¶ 11.) Baxter is a resident of California asserting claims on behalf of a purported class of California residents. (*Id.* ¶¶ 7, 24.) Both Adaptive and Baxter have counsel in California. Two of the three named plaintiffs in *Keithly* (Donovan Lee and Edith Anna Cramer) are residents of Ohio and the *Keithly* complaint purports to assert claims against Intelius only on behalf of a purported nationwide class. (*Keithly* ¶¶ 8, 23.) Given this broad geographic dispersal, consolidating these cases in Washington will not serve the convenience of the parties, witnesses, counsel, or the judiciary.

12.     Adaptive denies the averments in this paragraph. Adaptive and Intelius have filed a motion to dismiss in *Baxter*. (*Baxter*, No. 8:09-cv-01031-AG-MLG, docket no. 19.) Baxter has filed an amended complaint. (*Baxter*, No. 8:09-cv-01031-AG-MLG, docket no. 26.) Adaptive is not a party to the *Keithly* action and therefore lacks information or knowledge sufficient to admit or deny the averments concerning the status of *Keithly*. Adaptive denies that Intelius has requested all parties to stipulate to a stay pending the Panel's ruling on this Motion.

13.     Adaptive admits that the *Baxter* matter is in its early stages, but states that Baxter is more advanced than the *Keithly* matter. Adaptive lacks information or knowledge sufficient to admit or deny the averments concerning the amount of judicial resources that have been expended in *Keithly* and therefore denies them.

14.     Adaptive denies Intelius' characterization of the Western District of Washington as a "slightly less taxed forum" as there is no basis for this averment. To the extent there were only three multidistrict cases pending in the Western District of Washington as of November 2009,[1] that district has 60% fewer judges than the Central District of California and thus, not surprising, has a smaller MDL caseload.[2] Adaptive otherwise admits the averments contained in this paragraph.

15.     Adaptive lacks information or knowledge sufficient to admit or deny the averments contained in this paragraph.

16.     Adaptive denies that "Defendants" "potentially" "could be" subjected to multiple additional suits concerning "identical factual allegations" allegedly contained in the *Baxter* and

---

[1]     *See* Distribution of Pending MDL Dockets (as of November 3, 2009), *available at* http://www.jpml.uscourts.gov/PendingMDL-November-09.pdf.

[2]     *Compare* U.S. District Court, Western District of Washington Main Court Directory, *available at* http://www.wawd.uscourts.gov/CourthouseInformation/PhoneDirectory.htm (listing 14 judges in the Western District of Washington as of January 7, 2009); *with* U.S. District Court, Central District of California FAQs About Judges' Procedures and Schedules, *available at* http://www.cacd.uscourts.gov/CACD/JudgeReq.nsf/FAQs+about+Judges'+Procedures+and+Sch edules?OpenView (listing 35 judges in the Central District of California as of January 7, 2009).

4

*Keithly* complaints. The "defendants" in these cases are different—no claims are being asserted against Adaptive in the *Keithly* case. The "factual allegations" in both suits are not "identical"— in the one case in which it has been sued (*Baxter*), Adaptive must only defend against claims brought on behalf of a putative class of residents of one state. Adaptive denies it will "potentially" be subjected to multiple additional suits absent consolidation as there is no basis for this assertion. Indeed, the *Keithly* plaintiffs filed suit *after Baxter* and did not name Adaptive as a defendant. Adaptive further denies the averments contained in this paragraph to the extent they are based on "potential[]" additional suits that "could be" filed, as Adaptive is not aware of any such suits. Adaptive otherwise admits the averments contained in this paragraph.

Date:    January 12, 2010

Respectfully submitted,

Darrel J. Hieber
Robert J. Herrington
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

*Attorneys for Defendant*
*Adaptive Marketing LLC*

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: | ) |
| | ) |
| INTELIUS INC. POST-TRANSACTION | ) |
| MARKETING AND SALES LITIGATION | ) |
| | ) |

MDL Docket No. 2140

### PROOF OF SERVICE

I hereby certify that a copy of the foregoing documents: **RESPONSE and BRIEF IN SUPPORT OF RESPONSE OF DEFENDANT ADAPTIVE MARKETING LLC TO DEFENDANTS INTELIUS, INC. AND INTELIUS SALES CO., LLC'S MOTION FOR TRANSFER OF ACTIONS TO THE WESTERN DISTRICT OF WASHINGTON FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407** was served by **FEDERAL EXPRESS NEXT BUSINESS DAY DELIVERY** on **JANUARY 12, 2010,** to the following:

SEE ATTACHED PANEL LIST

_____
Thinley Dorjee

RECEIVED
CLERK'S OFFICE
2010 JAN 12 P 3:19
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

1

Docket: 2140 - IN RE: Intelius, Inc., Post-Transaction Marketing and Sales Practices Litigation

Status: Pending on / /

Transferee District:        Judge:

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
| --- | --- |

Harrigan, Arthur W.
DANIELSON HARRIGAN & TOLLEFSON LLP
999 Third Avenue
Suite 4400
Seattle, WA 98104

=>**Phone: (206) 623-1700  Fax: (206) 623-8717  Email: arthurh@dhlt.com**
Intelius Sales Co., LLC aka Intelius Sales, LLC*; Intelius, Inc.*

Herrington, Robert J.
SKADDEN ARPS SLATE MEAGHER & FLOM LLP
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071-3144

=>**Phone: (213) 687-5000  Fax: (213) 687-5600  Email: Robert.Herrington@skadden.com**
Adaptive Marketing LLC*

Restis, William R.
FINKELSTEIN & KRINSK
501 West Broadway
Suite 1250
San Diego, CA 92101-3579

=>**Phone: (619) 238-1333  Fax: (619) 238-5425  Email: wrr@classactionlaw.com**
Baxter, Denise*

Swope, Karin B.
KELLER ROHRBACK LLP
1201 Third Avenue
Suite 3200
Seattle, WA 98101

=>**Phone: (206) 623-1900  Fax: (206) 623-3384  Email: kswope@kellerrohrback.com**
Cramer, Edith Anna*; Keithly, Bruce*; Lee, Donovan*

Note: Please refer to the report title page for complete report scope and key.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 1 3 2010

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re: | ) | MDL Docket No. 2140 |
|  | ) |  |
| INTELIUS, INC., POST-TRANSACTION | ) |  |
| MARKETING AND SALES PRACTICES | ) |  |
| LITIGATION | ) |  |

## BRIEF IN SUPPORT OF DEFENDANT ADAPTIVE MARKETING LLC'S RESPONSE TO DEFENDANTS INTELIUS, INC. AND INTELIUS SALES CO., LLC'S MOTION FOR TRANSFER OF ACTIONS TO THE WESTERN DISTRICT OF WASHINGTON PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR <u>CONSOLIDATED PRETRIAL PROCEEDINGS</u>

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2010 JAN 12 P 3: 19

RECEIVED
CLERK'S OFFICE

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES..................................................................................ii

PRELIMINARY STATEMENT ............................................................................1

FACTUAL BACKGROUND...............................................................................2

    I.    *Baxter v. Intelius Inc.*: A Putative Statewide Class Action Against Intelius and Adaptive...........................................................................2

    II.    *Keithly v. Intelius, Inc.*: A Putative Nationwide Class Action Against Intelius Only.............................................................................4

    III.    Panel Proceedings............................................................................4

ARGUMENT...........................................................................................................4

    I.    The MDL Panel Routinely Denies Transfer Where There Are Only Two Cases...................................................................................5

    II.    Key Differences Between These Two Actions Weigh Against Consolidation.................................................................................8

        A.    Adaptive Is Not a Defendant in *Keithly*............................................8

        B.    *Keithly* is a Much Larger Class Action............................................9

        C.    The Claims Asserted in *Keithly* and *Baxter* Do Not Overlap. .......................................................................................10

    III.    Consolidation in the Western District of Washington is Not Convenient for All of the Parties. ...............................................11

    IV.    There Are Good Alternatives to MDL Consolidation That Can Be Used To Address Intelius' Concerns. .........................................13

    V.    If the Panel Deems Consolidation Necessary, Either the Northern or Southern Districts Of Ohio Would Be a More Appropriate Transferee District. ......................................................................14

CONCLUSION ....................................................................................................17

# TABLE OF AUTHORITIES

## CASES

*In re AT&T Broadband Telecommunications Services Litigation,*
　　237 F. Supp. 2d 1380 (J.P.M.L. 2002) ....................................................................6

*In re Advantage Investors Mortgage Corp. Mortgage Funds Litigation,*
　　268 F. Supp. 2d 1379 (J.P.M.L. 2003) ....................................................................6

*In re Aftermarket Automotive Sheet Metal Parts Antitrust Litigation,*
　　No. 2113, 2009 WL 4573458 (J.P.M.L. Dec. 3, 2009) ............................................6

*In re Air Crash Disaster Near Chicago, Illinois, on May 25, 1979,*
　　476 F. Supp. 445 (J.P.M.L. 1979) ........................................................................12

*In re Air Crash Near Canandaigua, New York, on September 16, 1979,*
　　427 F. Supp. 2d 1365 (J.P.M.L. 2006) ....................................................................5

*In re Air Crash Near Van Cleve, Mississippi, on August 13, 1977,*
　　486 F. Supp. 926 (J.P.M.L. 1980) ........................................................................15

*In re Airline Baggage Fee Antitrust Litigation,*
　　MDL No. 2089, 2009 WL 3248048 (J.P.M.L. Oct. 6, 2009) ..................................11

*In re America Airlines, Inc. Privacy Litigation,*
　　342 F. Supp. 2d 1355 (J.P.M.L. 2004) ....................................................................7

*In re America Online, Inc., Version 6.0 Software Litigation,*
　　162 F. Supp. 2d 690 (J.P.M.L. 2001) ......................................................................7

*In re Aon Corp. Wage & Hour Employment Practices Litigation,*
　　581 F. Supp. 2d 1376 (J.P.M.L. 2008) ....................................................................7

*In re Arizona Beverage Co. Products Marketing and Sales Practices Litigation,*
　　609 F. Supp. 2d 1369 (J.P.M.L. 2009) ..................................................................10

*In re Arthur J. Gallagher Risk Management Services, Inc., Litigation,*
　　571 F. Supp. 2d 1370 (J.P.M.L. 2008) ....................................................................9

*In re Bank of America Fiduciary Accounts Litigation,*
　　435 F. Supp. 2d 1349 (J.P.M.L. 2006) ............................................................13, 14

*In re BMW Reverse Transmission Products Liability Litigation,*
　　543 F. Supp. 2d 1382 (J.P.M.L. 2008) ....................................................................9

ii

*In re Boncoat Products Liability Litigation,*
 353 F. Supp. 1302 (J.P.M.L. 1973) ............................................................... 8

*In re Cessna Aircraft Distributorship Antitrust Litigation,*
 460 F. Supp. 159 (J.P.M.L. 1978) ................................................................ 5

*In re Children's Personal Care Products Liability Litigation,*
 No. 2041, 2009 WL 3241245 (J.P.M.L. Oct. 7, 2009) ................................. 8

*In re CMA Mortgage, Inc., Fair Credit Reporting Act (FCRA) Litigation,*
 536 F. Supp. 2d 1363 (J.P.M.L. 2008) ......................................................... 6

*In re Commercial Money Center, Inc., Equipment Lease Litigation,*
 229 F. Supp. 2d 1379 (J.P.M.L. 2002) ....................................................... 16

*In re DaimlerChrysler Corp. Seat Belt Buckle Products Liability Litigation,*
 217 F. Supp. 2d 1376 (J.P.M.L. 2002) ....................................................... 13

*In re Dorel Juvenile Group, Inc., Stroller (MODEL 834)*
 *Products Liability Litigation,*
 598 F. Supp. 2d 1365 (J.P.M.L. 2009) ......................................................... 6

*In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litigation,*
 446 F. Supp. 242 (J.P.M.L. 1978) .............................................................. 14

*In re First National Bank, Heavener, Oklahoma*
 *(First Mortgage Revenue Bonds) Securities Litigation,*
 451 F. Supp. 995 (J.P.M.L. 1978) ................................................................ 7

*In re Gasoline Lessee Dealers Antitrust Litigation,*
 479 F. Supp. 578 (J.P.M.L. 1979) ........................................................... 9, 11

*In re Glaceau Vitaminwater Marketing and Sales Practices Litigation,*
 641 F. Supp. 2d 1381 (J.P.M.L. 2009) ...................................................... 5-6

*In re H&R Block Mortgage Corp. Pre-Screening Litigation,*
 435 F. Supp. 2d 1347 (J.P.M.L. 2006) ......................................................... 7

*In re Insulin Manufacturing Antitrust Litigation,*
 487 F. Supp. 1359 (J.P.M.L. 1980) .................................................... 13-14, 14

*In re Intel Corp. Microprocessor Antitrust Litigation,*
 403 F. Supp. 2d 1356 (J.P.M.L. 2005) ......................................................... 1

*In re Iowa Beef Packers, Inc.,*
 309 F. Supp. 1259 (J.P.M.L. 1970) ........................................................... 4, 5

iii

*In re Kentucky Grilled Chicken Coupon Marketing and*
  *Sales Practices Litigation,*
  MDL No. 2103, 2009 WL 4572862 (J.P.M.L. Dec. 4, 2009) ....................................................7

*In re Lawnmower Engine Horsepower Marketing and*
  *Sales Practices Litigation (No. II),*
  588 F. Supp. 2d 1379 (J.P.M.L. 2008) ...........................................................................8

*In re Magic Marker Securities Litigation,*
  470 F. Supp. 862 (J.P.M.L. 1979) ...................................................................................5

*In re Master Key,*
  320 F. Supp. 1404 (J.P.M.L. 1971) ....................................................................1, 5, 11

*In re Medicare Fee Schedule Locality Litigation,*
  560 F. Supp. 2d 1344 (J.P.M.L. 2008) .............................................................................6

*In re Motion Picture Licensing Antitrust Litigation,*
  479 F. Supp. 581 (J.P.M.L. 1979) ...................................................................................5

*In re National Century Finance Enterprises, Inc., Investment Litigation,*
  293 F. Supp. 2d 1375 (J.P.M.L. 2003) ...........................................................................16

*In re New Motor Vehicles Canadian Export Antitrust Litigation,*
  269 F. Supp. 2d 1372 (J.P.M.L. 2003) ...........................................................................14

*In re Parmalat Securities Litigation,*
  350 F. Supp. 2d 1356 (J.P.M.L. 2004) .......................................................................12-13

*In re Personalized Media Communications, L.L.C.,*
  261 F. Supp. 2d 1380 (J.P.M.L. 2003) .............................................................................6

*In re Pharmacy Benefit Plan Administrators Pricing Litigation,*
  206 F. Supp. 2d 1362 (J.P.M.L. 2002) ...........................................................................13

*In re Phenylpropanolamine (PPA) Products Liability Litigation,*
  173 F. Supp. 2d 1377 (J.P.M.L. 2001) .............................................................................7

*In re Photocopy Paper,*
  305 F. Supp. 60 (J.P.M.L. 1969) .....................................................................................5

*In re Propulsid Liability Litigation,*
  No. 1355, 2000 WL 35621417 (J.P.M.L. 2000)..................................................................7

*In re Raymond Lee Organization, Inc. Securities Litigation,*
    446 F. Supp. 1266 (J.P.M.L. 1978) ................................................. 5, 14

*In re Reglan/Metoclopramide Products Liability Litigation,*
    622 F. Supp. 2d 1380 (J.P.M.L. 2009) ...................................................... 9

*In re Royal American Industries, Inc. Securities Litigation,*
    407 F. Supp. 242 (J.P.M.L. 1976) ........................................................... 13

*In re S.C. Johnson & Son, Inc., Greenlist Label Marketing and
Sales Practices Litigation,*
    626 F. Supp. 2d 1317 (J.P.M.L. 2009) ...................................................... 6

*In re Scotch Whiskey,*
    299 F. Supp. 543 (J.P.M.L. 1969) ............................................................. 5

*In re Sicilia Di R. Biebow & Co. Contract Litigation,*
    490 F. Supp. 513 (J.P.M.L. 1980) ............................................................. 6

*In re Shoulder Pain Pump-Chondrolysis Products Liability Litigation,*
    571 F. Supp. 2d 1367 (J.P.M.L. 2008) .................................................. 8-9

*In re Toys "R" Us-Delaware., Inc., Fair and Accurate
Credit Transactions Act (FACTA) Litigation,*
    581 F. Supp. 2d 1377 (J.P.M.L. 2008) ...................................................... 7

*In re Transit Co. Tire Antitrust Litigation,*
    350 F. Supp. 1165 (J.P.M.L. 1972) ......................................................... 12

*In re U.S.A. Exterminators, Inc., Fair Labor Standard Act (FLSA) Litigation,*
    588 F. Supp. 2d 1378 (J.P.M.L. 2008) ...................................................... 6

*In re Vision Service Plan Tax Litigation,*
    484 F. Supp. 2d 1356 (J.P.M.L. 2007) .................................................... 16

*In re VistaPrint Corp. Marketing and Sales Practices Litigation,*
    589 F. Supp. 2d 1377 (J.P.M.L. 2008) ...................................................... 7

*In re Vonage Marketing and Sales Practices Litigation,*
    505 F. Supp. 2d 1375 (J.P.M.L. 2007) ...................................................... 7

*In re W.E. Hall Co., Patent Litigation,*
    206 F. Supp. 2d 1367 (J.P.M.L. 2002) ................................................ 6, 13

*In re Webloyalty.com, Inc. Marketing and Sales Practices Litigation,*
    474 F. Supp. 2d 1353 (J.P.M.L. 2007) ...................................................... 7

*In re Wells Fargo Home Mortgage Overtime Pay Litigation,*
  435 F. Supp. 2d 1338 (J.P.M.L. 2006) ................................................................... 11

*In re Wireless Telephone 911 Calls Litigation,*
  259 F. Supp. 2d 1372 (J.P.M.L. 2003) ................................................................... 12

## STATUTES

28 U.S.C. § 1407(a) ....................................................................................................... 4

## MISCELLANEOUS

David F. Herr, *Multidistrict Litigation Manual* § 6:7 (West 2009) ......................... 14, 15

# PRELIMINARY STATEMENT

According to an old Scottish proverb, "Egotism is an alphabet of one letter." Here, "I" stands for Intelius.[1] Motions for consolidation are granted only after the MDL Panel weighs "interests of *all* of the plaintiffs and *all* of the defendants." *In re Master Key*, 320 F. Supp. 1404, 1406 (J.P.M.L. 1971).[2] Intelius' Motion, by contrast, does not consider all parties' interests in arguing for consolidation in the Western District of Washington—only its own. It asks the Panel to consolidate only two cases, involving different and geographically-diverse plaintiffs and defendants, because to do so would be convenient for Intelius. Intelius' proposed name for its consolidated action says it all: "In re: Intelius, Inc., Post-Transaction Marketing and Sales Litigation." Adaptive, it appears, would only be along for the ride.[3]

Intelius' Motion should be denied for at least <u>four</u> reasons:

**First**, the MDL Panel routinely denies transfer in cases such as this that involve only two actions.

**Second**, transfer is improper because of several key differences in the cases. Not only are there only two cases, there are only two groups of defendants (the Intelius entities and Adaptive) and Adaptive is not a defendant in one of the cases. The lone case against Adaptive purports to assert claims on behalf of a limited *statewide* putative class, while the other suit—in which no claims are asserted against Adaptive—involves a putative *nationwide* class. Adaptive's potential liability, and therefore any potential litigation costs, currently are limited to those consistent with a putative statewide class action. Requiring Adaptive to conduct consolidated pretrial proceedings in Washington

---

[1]     The Motion presently before the Panel has been brought by Intelius, Inc. and Intelius Sales Co., LLC. They are referred to collectively as "Intelius" in this brief.

[2]     All internal quotations and citations have been omitted and all emphasis added unless otherwise noted.

[3]     Adaptive Marketing LLC is referred to as "Adaptive" in this brief.

would unfairly multiply both the cost to, and burden on, Adaptive in defending itself against the limited claims that have been levied against it at this point.

**Third**, conducting pretrial proceedings in Washington would be highly inconvenient and costly for Adaptive given that its headquarters is across the country in Connecticut, it has no offices in Washington, and it has already hired counsel in California where it has been sued. This cost and inconvenience outweigh any potential efficiency in creating an entire MDL proceeding to handle only two cases.

**Fourth**, Intelius fails to acknowledge several alternative methods short of an MDL proceeding—methods that can be used to coordinate the two cases and better-address Intelius' concerns over convenience and efficiency.

Transfer under these circumstances would neither serve the convenience of the parties nor promote the just and efficient conduct of these two actions as required by 28 U.S.C. § 1407(a). Therefore, Adaptive respectfully requests that the Panel deny Intelius' Motion. In the event the Panel is inclined to consolidate these actions, Adaptive requests that the Panel consider doing so in either the Northern or Southern Districts of Ohio, either of which would be a more central and convenient transferee district than the one Intelius proposes.

## FACTUAL BACKGROUND

This motion involves only two cases, which have been brought on behalf of different putative classes, invoke different claims, and name different defendants:

## I.     *Baxter v. Intelius Inc.*: A Putative Statewide Class Action
##        Against Intelius and Adaptive.

On August 26, 2009, Denise Baxter ("Baxter"), a California resident, filed suit against Intelius and Adaptive in the Central District of California challenging the manner in which Intelius markets and sells services for itself and Adaptive on its website at Intelius.com. (*See Baxter v. Intelius, Inc. et al.*, No. 8:09-cv-01031-AG-MLG ("*Baxter*") ¶¶ 7, 24.) Baxter filed the case as a putative class action, purporting to assert claims on

2

behalf of a statewide class of California residents who have done business with Intelius. (*Baxter* ¶¶ 7, 24.)

Defendant Intelius, Inc. is a Delaware corporation with its principal place of business in Bellevue, Washington. (*Baxter* ¶ 9.) Defendant Intelius Sales Co. LLC is a Nevada limited liability company with its principal place of business in Bellevue, Washington. (*Baxter* ¶ 10.) In her complaint, Baxter alleges that Intelius committed a breach of financial privacy and violated California's Unfair Competition and False Advertising Laws. (*Baxter* ¶¶ 32-50.)

Defendant Adaptive is a Delaware limited liability company with its principal place of business in Norwalk, Connecticut. (*Baxter* ¶ 9.) Adaptive is a leading provider of innovative membership programs that give its customers access to valuable discounts and savings on a wide variety of products and services in areas such as fashion, health, home improvement, and entertainment. Baxter has asserted claims against Adaptive for violations of the California Unfair Competition and False Advertising Laws, as well as for conversion. (*Baxter* ¶¶ 32-44, 51-55.)

On December 21, 2009, Adaptive and Intelius moved to dismiss the *Baxter* complaint. (*Baxter*, No. 8:09-cv-01031-AG-MLG, docket no. 19.) Effectively admitting that the motion to dismiss was meritorious, on Friday, January 8, 2010, counsel for Baxter sent Adaptive's counsel a "courtesy copy" of an amended complaint. Based on Adaptive's preliminary review, the amended complaint appears to further highlight the differences between *Baxter* and *Keithly*. For example, the amended *Baxter* complaint still seeks relief on behalf of *statewide* class only, but purports to lengthen the class period to begin on August 26, 2005—a much longer period than in *Keithly*. (*Compare Baxter v. Intelius, Inc. et al.*, No. 8:09-cv-01031-AG-MLG, docket no. 26 ("Amended *Baxter*") ¶ 52, *with Keithly* ¶ 23.) The amended *Baxter* complaint also eliminates the conversion claim originally asserted against Adaptive and includes a new claim, solely

against Intelius, under the California Consumer Legal Remedies Act—a claim not asserted in *Keithly*. (Amended *Baxter* ¶¶ 80-86.)[4]

## II.    *Keithly v. Intelius, Inc.*: A Putative Nationwide Class Action Against Intelius Only.

Bruce Keithly, a resident of Washington, and Donovan Lee and Edith Anna Cramer, residents of Ohio (collectively, the "*Keithly* Plaintiffs"), filed a putative nationwide class action in the Western District of Washington on October 19, 2009. (*See Keithly v. Intelius, Inc.*, No. 2:09-cv-01485-RSM ("*Keithly*").) This suit has a broader putative class than *Baxter*—nationwide rather than residents of a single state—and only alleges claims against Intelius, not Adaptive. (*Keithly* ¶¶ 9-10, 23.) The claims against Intelius allege violations of the Washington Consumer Protection Act and declaratory relief. (*Keithly* ¶¶ 9-10, 33-44.) Adaptive is not a party to *Keithly*. (*See Keithly* ¶¶ 9-10.)

## III.    Panel Proceedings.

Intelius' Motion seeks to transfer these two cases to the Western District of Washington for pre-trial coordination. Because transfer is unnecessary, inconvenient, and inefficient, Adaptive opposes the request at this time.

**ARGUMENT**

Transfers by the MDL Panel are conditioned "upon its determination that transfers . . . will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). "[A] mere showing that

---

[4]    Because Adaptive just received the amended *Baxter* complaint, which had not yet been formally served, the arguments set forth in Adaptive's Response correspond to the allegations in the original *Baxter* complaint. The amended *Baxter* complaint, however, only further highlights the reasons transfer and consolidation are improper at this time: Adaptive is still named in only one of two actions, the actions remain significantly different in scope (now in terms of geographic *and* temporal coverage), there are still viable alternatives to consolidation, and there is still nothing to suggest that "common questions of fact are so complex and [] accompanying common discovery so time-consuming" that it overcomes the inconveniences to Adaptive. *In re Iowa Beef Packers, Inc.*, 309 F. Supp. 1259, 1260 (J.P.M.L. 1970).

[common] questions [of fact] exist is not sufficient, in and of itself, to warrant transfer by the Panel." *In re Cessna Aircraft Distributorship Antitrust Litig.*, 460 F. Supp. 159, 161-62 (J.P.M.L. 1978); *see also In re Motion Picture Licensing Antitrust Litig.*, 479 F. Supp. 581, 591 (J.P.M.L. 1979) ("[N]either the convenience of witnesses and parties nor the just and efficient conduct of actions are served, *ipso facto*, by transfer just because there are common questions of fact in the civil actions involved."). "A transfer will *not* be ordered unless the convenience of parties and witnesses is served and the just and efficient conduct of the actions promoted by such a transfer." *In re Photocopy Paper*, 305 F. Supp. 60, 61 (J.P.M.L. 1969). It is not enough to only consider Intelius' interests; rather, the Panel must weigh "the interests of *all* of the plaintiffs and *all* of the defendants." *In re Master Key*, 320 F. Supp. at 1406.

Given that there are only two cases, Intelius bears a "strong burden" to demonstrate "that the common questions of fact are so complex and the accompanying common discovery so time-consuming as to overcome the inconvenience to the party whose action is being transferred and its witnesses." *In re Iowa Beef Packers, Inc.*, 309 F. Supp. at 1260.[5] As set forth below, Intelius has ignored Adaptive's interests and has failed to carry its heavy burden.

## I.     The MDL Panel Routinely Denies Transfer Where There Are Only Two Cases.

The Panel often refuses consolidation when, as here, only two actions are the subject of a transfer motion. *See, e.g., In re Glaceau Vitaminwater Mktg. & Sales*

---

[5]     *See also In re Air Crash Near Canandaigua, N.Y., on Sept. 16, 2002*, 427 F. Supp. 2d 1365, 1366 (J.P.M.L. 2006) ("Given the minimal number of actions and parties involved in this docket, movants have failed to persuade us that any common questions of fact are sufficiently complex to warrant Section 1407 centralization."); *In re Magic Marker Secs. Litig.*, 470 F. Supp. 862, 865 (J.P.M.L. 1979) (same); *In re Raymond Lee Org., Inc. Secs. Litig.*, 446 F. Supp. 1266, 1268 (J.P.M.L. 1978) (same); *accord In re Scotch Whiskey*, 299 F. Supp. 543, 544 (J.P.M.L. 1969) (finding that movants had not met their strong burden, despite recognizing that the actions shared common questions of fact).

*Practices Litig.*, 641 F. Supp. 2d 1381, 1381 (J.P.M.L. 2009) ("[A]s this litigation involves only two actions, the proponents of centralization have failed to persuade us that any common questions of fact are sufficiently complex and/or numerous to justify Section 1407 transfer in this docket at this time."). For example, in *In re S.C. Johnson & Son, Inc., Greenlist Label Marketing and Sales Practices Litigation*, the Panel was not persuaded that centralization would serve the convenience of the parties or further the efficient conduct of litigation because "[t]here [were] only two actions in this docket," involving relatively uncomplicated issues whether consumers had been misled by the defendant's placement of a label. 626 F. Supp. 2d 1317, 1318 (J.P.M.L. 2009). Similarly, in *In re Sicilia Di R. Biebow & Co. Contract Litigation*, the Panel was "not persuaded" that convenience and efficiency would be served by transfer because "[o]nly two actions [were] involved." 490 F. Supp. 513, 515 (J.P.M.L. 1980). And in *In re Aftermarket Automotive Sheet Metal Parts Antitrust Litigation*, the Panel was "not persuaded" that centralization would lead to convenience and efficiency because the "docket encompass[ed] only two actions." 2009 WL 4573458, at *1 (J.P.M.L. Dec. 3, 2009).[6]

When the Panel does depart from this practice, it does so when specific circumstances are present, such as when two actions involve a labor dispute against

---

[6]     *See also In re CMA Mortg., Inc., Fair Credit Reporting Act (FCRA) Litig.*, 536 F. Supp. 2d 1363, 1363 (J.P.M.L. 2008) ("Inasmuch as only two actions are involved, the proponents of centralization have failed to persuade us that any common questions of fact are sufficiently complex and/or numerous to justify Section 1407 transfer in this docket."); *In re Dorel Juvenile Group, Inc., Stroller (MODEL 834) Prods. Liab. Litig.*, 598 F. Supp. 2d 1365, 1366 (J.P.M.L. 2009) (same); *In re U.S.A. Exterminators, Inc., Fair Labor Standards Act (FLSA) Litig.*, 588 F. Supp. 2d 1378, 1379 (J.P.M.L. 2008) (same); *In re Medicare Fee Schedule Locality Litig.*, 560 F. Supp. 2d 1344, 1345 (J.P.M.L. 2008) (same); *In re Advantage Investors Mortg. Corp. Mortg. Funds Litig.*, 268 F. Supp. 2d 1379, 1380 (J.P.M.L. 2003) (same); *In re Personalized Media Commc'ns, L.L.C.*, 261 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003) (same); *In re AT&T Broadband Telecomm. Servs. Litig.*, 237 F. Supp. 2d 1380, 1380 (J.P.M.L. 2002) (same); *In re W.E. Hall Co., Patent Litig.*, 206 F. Supp. 2d 1367, 1367 (J.P.M.L. 2002) (same).

common corporate defendants and "all employees at issue" are managed from the same location, *In re Aon Corp. Wage & Hour Employment Practices Litig.*, 581 F. Supp. 2d 1376, 1376 (J.P.M.L. 2008), the actions are "on behalf of nearly *identical* putative *nationwide* classes," *In re Toys "R" Us-Del., Inc., Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 581 F. Supp. 2d 1377, 1377 (J.P.M.L. 2008), or the movant can identify numerous related actions *already pending* in other districts, *In re Propulsid Liab. Litig.*, 2000 WL 35621417, at *1 (J.P.M.L. 2000). Intelius has demonstrated that no such circumstances exist and offered no reason for the Panel to depart from its consistent practice of denying motions to transfer when, as here, there are only two actions.

*None* of the cases cited by Intelius support consolidating only two cases in the circumstances presented here—all involved more than two actions, and at least three involved multiple actions asserted against only one defendant.[7] The sole exception is *In re First National Bank, Heavener, Oklahoma (First Mortgage Revenue Bonds) Securities Litigation*, 451 F. Supp. 995 (J.P.M.L. 1978), which Intelius cites for the proposition that there is no "requirement that there be more than two competing cases" for the Panel to order consolidation. (Intelius Br. at 10 n.4.) But in that case, the second suit was initiated primarily because of a unique procedural concern relating to the venue provisions in the National Bank Act and an inability to name all the defendants in one action. *See In re First Nat'l Bank*, 451 F. Supp. at 996-97. Here, by contrast, the *Keithly*

---

[7]    *See In re Kentucky Grilled Chicken Coupon Mktg. & Sales Practices Litig.*, 2009 WL 4572862, at *1 (J.P.M.L. Dec. 4, 2009) (four actions); *In re VistaPrint Corp. Mktg. & Sales Practices Litig.*, 589 F. Supp. 2d 1377, 1378 (J.P.M.L. 2008) (seven actions); *In re Vonage Mktg. & Sales Practices Litig.*, 505 F. Supp. 2d 1375, 1376-77 (J.P.M.L. 2007) (four actions all asserted against Vonage entities); *In re Webloyalty.com, Inc. Mktg. & Sales Practices Litig.*, 474 F. Supp. 2d 1353, 1353 (J.P.M.L. 2007) (four actions); *In re H&R Block Mortgage Corp. Pre-Screening Litig.*, 435 F. Supp. 2d 1347, 1348 & n.1 (J.P.M.L. 2006) (three actions with only one defendant remaining); *In re Am. Airlines, Inc., Privacy Litig.*, 342 F. Supp. 2d 1355, 1356 (J.P.M.L. 2004) (three actions) *In re Am. Online, Inc., Version 6.0 Software Litig.*, 162 F. Supp. 2d 690, 690-91 (J.P.M.L. 2001) (three actions all asserted against AOL); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 173 F. Supp. 2d 1377, 1378 (J.P.M.L. 2001) (fourteen cases).

Plaintiffs surely were aware of Adaptive's existence and the claims already pending in the previously filed *Baxter* case, but chose not to sue Adaptive. (*See Keithly* ¶¶ 9-10.) *First National Bank* thus provides no support for Intelius' invitation to depart from the Panel's practice of denying consolidation when only two actions are involved.[8]

## II. Key Differences Between These Two Actions Weigh Against Consolidation.

In addition to there being only two cases, significant differences between the cases undermine a motion to transfer. *See In re Boncoat Prods. Liab. Litig.*, 353 F. Supp. 1302, 1304 (J.P.M.L. 1973) (denying motion to transfer when there were "obviously substantial differences in the factual issues raised in the two actions"). Here, there are several key differences between *Baxter* and *Keithly* that render them inappropriate for pretrial consolidation.

### A. Adaptive Is Not a Defendant in *Keithly*.

The first significant difference between *Baxter* and *Keithly* is that Adaptive is *not* a defendant in *Keithly*. Only Intelius is a defendant in both suits. Because consolidation can impose significant burdens, the Panel often refuses to order consolidation when, as here, a defendant is named in only one of a few actions. For example, in *In re Children's Personal Care Products Liability Litigation*, the Panel ruled that "[a]ny common issues . . . [were] overshadowed by the non-common ones" when "[o]nly J&J [was] named as a defendant in all actions," two other defendants were named in two of four actions, and the remaining defendants were named in one action each. 2009 WL 3241245, at *1 (J.P.M.L. Oct. 7, 2009). In *In re Shoulder Pain Pump-Chondrolysis*

---

[8]     Apparently recognizing this problem, Intelius speculates that subsequent, "related" actions "could be" filed at a later date, but as of the filing of this motion there are no such actions. (*See* Intelius Mot. ¶ 16, Intelius Br. at 12.) Thus, the present motion is, at best, premature. *See In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig. (No. II)*, 588 F. Supp. 2d 1379, 1380 (J.P.M.L. 2008) (noting that the Panel had previously denied a motion for transfer involving only three putative statewide class actions, but granting a new motion for transfer in light of the fact that the action had "grown considerably" to include "39 known purported statewide class actions").

*Products Liability Litigation*, the Panel denied a motion to transfer when "many

defendants [were] sued only in a minority of [the] actions." 571 F. Supp. 2d 1367, 1368

(J.P.M.L. 2008). And, in *In re BMW Reverse Transmission Products Liability Litigation*,

the Panel denied a motion to transfer when out of only "two purported class actions,"

"there [was] only one common defendant." 543 F. Supp. 2d 1382, 1382-83 (J.P.M.L.

2008).[9] The same is true in this case, where Intelius is the only common defendant.

### B. *Keithly* is a Much Larger Class Action.

The unfairness of transferring and consolidating these two actions even though

Adaptive is named in only one of them is underscored by the fact that Adaptive is named

in the *significantly smaller* of the two actions. In *In re Gasoline Lessee Dealers Antitrust

Litigation*, the Panel denied a motion to transfer because it concluded that a putative

nationwide class action alleging that "defendants conspired (on a nationwide basis) to

impose tie-in arrangements on each dealer" entailed a "tremendous, overriding difference

in scope" from a statewide putative action that involved similar allegations but "in a

relatively limited geographic area" (there, State of Kansas and certain counties located in

Missouri and Nebraska). 479 F. Supp. 578, 580 (J.P.M.L. 1979). The Panel reasoned

that "[i]f transfer were ordered . . . discovery and other pretrial proceedings concerning

the common factual questions would clearly be dwarfed by matters of no interest to the

Missouri plaintiffs" and of "only minimal interest" to the nationwide defendant. *Id.*

The reasoning of this case applies with equal force here. If the Panel were to

consolidate these two cases, discovery relating to the California issues will be dwarfed by

those relating the claims asserted on behalf of a putative nationwide class. Even though

---

[9]      *See also In re Reglan/Metoclopramide Prods. Liab. Litig.*, 622 F. Supp. 2d 1380,
1381 (J.P.M.L. 2009) (denying transfer when "some entities . . . are named in only one or
two actions"); *In re Arthur J. Gallagher Risk Mgmt. Servs., Inc., Litig.*, 571 F. Supp. 2d
1370, 1371 n.1 (J.P.M.L. 2008) (denying transfer when "[e]ach defendant is named in
only one of the three actions").

Adaptive is not a defendant in the *Keithly* action, Adaptive would be forced to participate in pretrial proceedings on a much larger scale. A significant number of documents, depositions, and other discovery would likely have nothing to do with the claims asserted by a putative class of California residents—which are the *only* claims that have been alleged against Adaptive. And because the magnitude of potential damages is necessarily higher in a nationwide putative class action than a statewide putative class action, Adaptive's litigation costs would be magnified out of all proportion to the more limited claims asserted against it. Engaging in pretrial litigation would therefore become exponentially more costly and burdensome to Adaptive if the limited *Baxter* case were transferred and consolidated with the broader *Keithly* case.

### C. The Claims Asserted in *Keithly* and *Baxter* Do Not Overlap.

Consolidation also is improper because the claims asserted in the *Baxter* and *Keithly* putative class actions are not the same. The Panel has denied motions to transfer under circumstances similar to those presented here, *i.e.*, where the lawsuits assert different claims brought under the laws of different states. In *In re Arizona Beverage Company Products Marketing and Sales Practices Litigation*, for example, the Panel denied a motion to transfer when the claims asserted in each of the three putative statewide class actions were "brought under the laws of their respective states" and did not "overlap," despite the fact that they "undoubtedly" shared factual questions "as to whether defendants deceptively marketed their iced tea beverages as '100% Natural' or 'All Natural,' when those beverages contain high fructose corn syrup." 609 F. Supp. 2d 1369, 1369 (J.P.M.L. 2009). Here, the *Keithly* Plaintiffs assert claims against Intelius for violations of the Washington Consumer Protection Act and declaratory relief, while Baxter asserts claims against Intelius and Adaptive for purported violations of California's Unfair Competition and False Advertising laws. (*Keithly* ¶¶ 33-44; *Baxter*

10

¶¶ 32-44.) Because the claims in *Baxter* and *Keithly* are not the same, Intelius' Motion to Transfer should be denied.[10]

### III. Consolidation in the Western District of Washington is Not Convenient for All of the Parties.

Intelius' Motion ignores the Panel's statutory mandate to weigh "the interests of *all* of the plaintiffs and *all* of the defendants." *In re Master Key*, 320 F. Supp. at 1406. The panel considers several factors in examining the convenience of the parties, including, for example, the location of a of corporate defendants' headquarters because "many witnesses and documents relevant to the litigation are likely found there." *In re Airline Baggage Fee Antitrust Litig.*, 2009 WL 3248048, at *2 (J.P.M.L. Oct. 6, 2009). The Panel also considers whether a proposed district "is an accessible location that will be geographically convenient for litigants, witnesses and counsel." *In re Wells Fargo Home Mortgage Overtime Pay Litig.*, 435 F. Supp. 2d 1338, 1340 (J.P.M.L. 2006); *In re Intel Corp. Microprocessor Antitrust Litig.*, 403 F. Supp. 2d 1356, 1357 (J.P.M.L. 2005) (same). Here, these factors do not favor the transfer Intelius seeks.

*Adaptive's Headquarters Is Located Nearly 3,000 Miles from the Proposed Transferee District.* Adaptive has no connection to the Western District of Washington. Rather, its headquarters is in Connecticut, which is clear across the country from Washington. Connecticut is likely to be a source of relevant evidence, which means that conducting pretrial proceedings in Washington would be expensive and burdensome for Adaptive. *See In re Air Crash Disaster Near Chicago, Ill., on May 25, 1979*, 476 F.

---

[10]     It is not enough to say, as Intelius does (Intelius Br. at 10-11), that putative class actions overlap and deserve pretrial consolidation simply because a putative nationwide class action may include residents that are part of a statewide class action. *See, e.g.*, *In re Gasoline Lessee Dealers Antitrust Litig.*, 479 F. Supp. at 581 (denying motion to transfer despite the fact that "some members of the purported class in four of the Missouri actions are included in the classes already certified in the Eastern District of Pennsylvania"). To the extent that the putative nationwide class in *Keithly* would include the putative *Baxter* statewide class, that does *not* support Intelius' motion to transfer.

11

Supp. 445, 449 (J.P.M.L. 1979) (transferring cases to Northern District of Illinois, even though several defendants had headquarters or offices in New York, because transfer to New York "would require transcontinental travel for those attorneys and parties located on one side of the continent who need or desire to participate in pretrial proceedings conducted at the other").

   ***The Proposed Transferee District Is Not Ideally Accessible.*** Although the Western District of Washington is clearly convenient for one named plaintiff and Intelius, it provides no other geographic benefits because it does not have any connection to any of the other parties involved in these two actions and is not accessible to them. When dealing with geographically diverse parties, the Panel generally prefers to select a centrally-located transferee district. *See In re Wireless Tel. 911 Calls Litig.*, 259 F. Supp. 2d 1372, 1373-74 (J.P.M.L. 2003) (choosing the Northern District of Illinois as a transferee district and stating that "this geographically central location is relatively convenient for the parties"); *see also In re Transit Co. Tire Antitrust Litig.*, 350 F. Supp. 1165, 1166 (J.P.M.L. 1972) ("Because of Kansas City's geographically central location, it is easily accessible from all parts of the country and provides a more convenient forum to *all* parties than either Los Angeles or Philadelphia."). Given the parties' geographic dispersal, and given that one action is proceeding as a putative nationwide class action, granting Intelius' motion to transfer and consolidate in the Western District of Washington would not serve the convenience of all parties.

   ***Adaptive's Counsel is in California.*** Moreover, Adaptive has already hired counsel in California, which is the only state in which it has been sued. Adaptive's counsel has no office in the Western District of Washington, and thus Adaptive would be required to either obtain additional counsel or incur additional travel costs for current counsel, which would add to its burden and expense of litigation. *See In re Air Crash Disaster Near Chicago, Ill.*, 476 F. Supp. at 449; *see also In re Parmalat Secs. Litig.*, 350 F. Supp. 2d 1356, 1357 (J.P.M.L. 2004) (considering location of counsel in selecting

transferee forum). It may be convenient for Intelius to have the *Baxter* case transferred to Washington, where they are located and have already retained counsel, but it would not be convenient for Adaptive.

**IV.    There Are Good Alternatives to MDL Consolidation That Can Be Used To Address Intelius' Concerns.**

When, as here, a case involves only a small number of actions, the MDL Panel also evaluates alternatives to consolidation. *See, e.g., In re Royal Am. Indus., Inc. Secs. Litig.*, 407 F. Supp. 242, 243 (J.P.M.L. 1976) ("the possibility of cooperation among the judges to whom the constituent actions are assigned *must be evaluated as an alternative*"). For example, in *In re Bank of America Fiduciary Accounts Litigation*, the Panel denied a motion to transfer in an action involving only two cases because it held that "[g]iven the minimal number of actions involved, . . . [a]lternatives to Section 1407 transfer exist that can minimize whatever possibilities there might be of duplicative discovery, inconsistent pretrial rulings, or both." 435 F. Supp. 2d 1349, 1350 (J.P.M.L. 2006).[11]

Intelius maintains that consolidation is necessary to avoid duplicative discovery, prevent inconsistent pretrial rulings, and conserve resources (*see* Intelius Br. at 7, 9-12), but fails to address any of the numerous and less-drastic alternatives to consolidation that would ameliorate each of its purported concerns. Instead of consolidating these cases, any party in *Baxter* or *Keithly* could, for example, (1) move the appropriate district court to allow relevant discovery completed in one action to be made available in the other, (2) stipulate that discovery relevant to more than one action be used in the other, or (3) file notices of depositions in both actions. *See In re Insulin Mfg. Antitrust Litig.*, 487

---

[11]     *See also In re DaimlerChrysler Corp. Seat Belt Buckle Prods. Liab. Litig.*, 217 F. Supp. 2d 1376, 1376-77 (J.P.M.L. 2002) (same); *In re Pharmacy Benefit Plan Adm's Pricing Litig.*, 206 F. Supp. 2d 1362, 1363 (J.P.M.L. 2002) (same); *In re W.E. Hall Co., Patent Litig.*, 206 F. Supp. 2d at 1368 (same).

F. Supp. 1359, 1361 (J.P.M.L. 1980) (denying transfer in light of the availability of these alternatives in a case involving only three actions); *see also In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978) (same). In addition, the judges presiding over *Baxter* and *Keithly* could readily consult and cooperate with each other and the parties to minimize the possibility of conflicting pretrial rulings. *See In re Insulin Mfg. Antitrust Litig.*, 487 F. Supp. at 1361 ("[C]onsultation and cooperation among the [two] concerned district courts, if viewed appropriate by those courts, coupled with the cooperation of the parties, would minimize the possibility of conflicting pretrial rulings."); *In re Raymond Lee Org., Inc. Secs. Litig.*, 446 F. Supp. 1266, 1268 (J.P.M.L. 1978) (same).

These alternatives are especially appealing, and serve the interests of *all* parties, given that there are only two actions, there are only three total defendants, and only the two Intelius defendants are in both cases. Coordination short of multidistrict litigation would not be difficult given the minimal number of named parties and cases. *See In re Bank of Am. Fiduciary Accounts Litig.*, 435 F. Supp. 2d at 1350. Intelius' failure to even address these alternatives is a glaring omission.

## V. If the Panel Deems Consolidation Necessary, Either the Northern or Southern Districts Of Ohio Would Be a More Appropriate Transferee District.

If the Panel deems consolidation necessary, Adaptive respectfully submits that the Northern or Southern Districts of Ohio are more appropriate transfer districts for this litigation. "The Panel has expressed its preference for selection of a centrally located transferee district." David F. Herr, *Multidistrict Litigation Manual* § 6:7 n.1 (West 2009) (collecting cases). Indeed, this factor can overcome otherwise strongly-favored factors. *See, e.g.*, *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 269 F. Supp. 2d 1372, 1373 (J.P.M.L. 2003) (centrality trumps absence of any pending actions). Furthermore, in the event Intelius' speculation about "potential[]" additional suits that

14

"could be" filed bears any fruit (Intelius Mot. ¶ 16), Ohio could be an even more desirable location, as the advantages of a geographically central forum increase as the number of actions increase. *See Multidistrict Litigation Manual* § 6:7.

Here, the parties are geographically diverse and the Northern and Southern Districts of Ohio each presents a suitable, centrally-located forum for *all* of them. **First**, either Ohio district is convenient for the plaintiffs because two of the total named plaintiffs reside in Ohio. (*Keithly* ¶ 8.) Discovery as to their allegations would be taken in Ohio, while all the other potential plaintiffs and witnesses of the two pending actions are so geographically dispersed that the centrality of the Northern and Southern Districts of Ohio would be beneficial to discovery and other pre-trial proceedings. *See, e.g., In re Air Crash Near Van Cleve, Miss., on Aug. 13, 1977*, 486 F. Supp. 926, 928 (J.P.M.L. 1980) (per curiam) (holding that transfer to the Northern District of Oklahoma of nine actions arising out of a Mississippi air crash was appropriate where discovery and other pretrial proceedings focused on at least six geographic areas, and the Northern District of Oklahoma was more centrally located and easily accessible than the Southern District of Mississippi).

**Second**, the Ohio district courts are convenient for Intelius because its *Baxter* counsel has a large office in Ohio. *See* Jones Day, "One Firm Worldwide," *at* http://www.jonesday.com/files/Office/db02c68f-c8a4-4ada-b744-efd9a19b7f27/Presentation/ceOfficeBrochure/Cleveland.pdf ("Jones Day Cleveland . . . has grown to include more than 250 lawyers [and] . . . the Cleveland Office provides legal services to clients in diverse businesses in all facets of activity at local, national, and international levels.").

**Third**, both the Northern and Southern Districts of Ohio are central and accessible to *all* parties. Either Ohio district is convenient for Adaptive because in the event of transfer and expansion of pretrial proceedings to a nationwide level, it is much closer to Adaptive's Connecticut headquarters than Washington would be. In fact, the

15

Panel has consistently found the Northern and Southern Districts of Ohio to be "central" locations for geographically diverse litigation because the Northern and Southern Districts of Ohio are both accessible, geographically central metropolitan centers. *See, e.g.*, *In re Commercial Money Ctr., Inc., Equip. Lease Litig.*, 229 F. Supp. 2d 1379, 1380 (J.P.M.L. 2002) (describing the Northern District of Ohio as an "accessible, metropolitan district"); *In re Vision Serv. Plan Tax Litig.*, 484 F. Supp. 2d 1356, 1357 (J.P.M.L. 2007) ("The Southern District of Ohio . . . provides a relatively geographically central forum for this litigation."); *In re Nat'l Century Fin. Enters., Inc., Inv. Litig.*, 293 F. Supp. 2d 1375, 1377 (J.P.M.L. 2003) ("In concluding that the Southern District of Ohio is an appropriate forum for this docket, we note . . . [it] is a geographically central district, not currently occupied with multiple other MDL assignments, that is equipped with the resources that this complex docket is likely to require.").

Thus, should the Panel deem transfer necessary, either the Northern District of Ohio or the Southern District of Ohio would be a more centralized transferee district than the Western District of Washington.

## CONCLUSION

For the foregoing reasons, Adaptive respectfully requests that the Panel deny Intelius' Motion for Transfer. If the Panel deems transfer necessary, Adaptive respectfully requests that the Panel transfer and consolidate these cases in either the Northern District of Ohio or the Southern District of Ohio, rather than the Western District of Washington.

Date:   January 12, 2010

Respectfully submitted,

Darrel J. Hieber
Robert J. Herrington
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071-3144
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

*Attorneys for Defendant*
*Adaptive Marketing LLC*

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re: | ) | MDL Docket No. 2140 |
| | ) | |
| INTELIUS INC. POST-TRANSACTION | ) | |
| MARKETING AND SALES LITIGATION | ) | |

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing documents: **RESPONSE and BRIEF IN SUPPORT OF RESPONSE OF DEFENDANT ADAPTIVE MARKETING LLC TO DEFENDANTS INTELIUS, INC. AND INTELIUS SALES CO., LLC'S MOTION FOR TRANSFER OF ACTIONS TO THE WESTERN DISTRICT OF WASHINGTON FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407** was served by **FEDERAL EXPRESS NEXT BUSINESS DAY DELIVERY** on **JANUARY 12, 2010,** to the following:

SEE ATTACHED PANEL LIST

_____
Thinley Dorjee

RECEIVED
CLERK'S OFFICE
2010 JAN 12 P 3: 19
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

Docket: 2140 - IN RE: Intelius, Inc., Post-Transaction Marketing and Sales Practices Litigation

Status: Pending on / /

Transferee District:          Judge:

## ATTORNEY - FIRM                              REPRESENTED PARTY(S)

Harrigan, Arthur W.                              => **Phone: (206) 623-1700  Fax: (206) 623-8717  Email: arthurh@dhlt.com**
DANIELSON HARRIGAN & TOLLEFSON LLP               Intelius Sales Co., LLC aka Intelius Sales, LLC*; Intelius, Inc.*
999 Third Avenue
Suite 4400
Seattle, WA 98104

Herrington, Robert J.                            => **Phone: (213) 687-5000  Fax: (213) 687-5600  Email: Robert.Herrington@skadden.com**
SKADDEN ARPS SLATE MEAGHER & FLOM LLP            Adaptive Marketing LLC*
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071-3144

Restis, William R.                               => **Phone: (619) 238-1333  Fax: (619) 238-5425  Email: wrr@classactionlaw.com**
FINKELSTEIN & KRINSK                             Baxter, Denise*
501 West Broadway
Suite 1250
San Diego, CA 92101-3579

Swope, Karin B.                                  => **Phone: (206) 623-1900  Fax: (206) 623-3384  Email: kswope@kellerrohrback.com**
KELLER ROHRBACK LLP                              Cramer, Edith Anna*; Keithly, Bruce*; Lee, Donovan*
1201 Third Avenue
Suite 3200
Seattle, WA 98101